**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HONGBIN LI, | No. 09-70786 |
| Petitioner, | Agency No. A099-706-866 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before: PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Hongbin Li, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because Li omitted from his asylum application that his fellow inmates beat him 20-30 times during his 10-day detention because of his religious beliefs, and that he was subsequently hospitalized. *See id.* at 1040-44 (adverse credibility determination was reasonable under the Real ID Act's "totality of the circumstances"); *see also Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2004) (omission of a "dramatic, pivotal" event from asylum application supported agency's adverse credibility determination). In the absence of credible testimony, Li's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Li's CAT claim is based on the same testimony found to be not credible, and he points to no other evidence that shows it is more likely than not he would be tortured if returned to China, his CAT claim also fails. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**